UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Merlin LKent Williams,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>Major Steven Pruitt,<br><br>　　　　　　　　Respondent. | ) C/A No.: 8:12-1270-GRA-JDA<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>) |

　　　　Petitioner, Merlin LKent Williams, proceeding *pro se*, files this action pursuant to 28 U.S.C. § 2241. Petitioner is a state pre-trial detainee, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

　　　　Petitioner has been charged with distribution of crack cocaine, and is awaiting trial in the Oconee County Court of General Sessions. Petitioner alleges he has not been provided with counsel, and states he has not been given a preliminary hearing. According to the Petition, he has been given a $10,000 surety bond and he alleges he submitted a written request for a preliminary hearing the same day he was given the bond. He also alleges he filed a *pro se* "motion to dismiss affidavit" on April 18, 2012. He claims the Oconee County Clerk of Court filed it on April 24, 2012 and that it is still pending.

　　　　In his pleading, Petitioner cites to a 1992 S.C. Supreme Court decision, *State v. Keenen,* where he claims the Defendant was given 20 days or up to 10 days before the commencement of the next term of court to make a request under S.C. Criminal Rule 2B to schedule a preliminary hearing for a Plaintiff. Petitioner alleges he has been detained for

60 days, and maintains a preliminary hearing was scheduled, but asserts he "didn't attend on that date for unknown reasons." Petitioner further claims that he received notice from the Oconee Clerk of Court that the Clerk's office does not schedule motions in General Sessions court, and therefore, the Solicitor would have to schedule Petitioner's motion during a General Sessions term. Petitioner claims that his failure to receive a preliminary hearing is a denial of due process. He asks that the charges against him be dropped.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); and *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70 (2nd Cir. 1975). Even under this less stringent standard, the petition for writ of habeas corpus is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a

federal district court. *Weller v. Department of Social Services*, 901 F.2d 387(4th Cir. 1990).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 19 S.Ct. 119 (1898); *Taylor v. Taintor*, 83 U.S. 366, 1872 WL 15393 (1873); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

Furthermore, a state-prisoner must exhaust his available state-remedies by presenting his federal-constitutional claim to the state courts as a condition-precedent to seeking federal habeas corpus relief. 28 U.S.C. § 2254(b), (c); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827 (1973). If the petitioner is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *Castille v. Peoples*, 489 U.S. 346, 101 S.Ct. 1056 (1989). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South

Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 101 S.Ct. 1056 (1989). Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

### RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. *See Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf*. The Anti-Terrorism and Effective Death Penalty Act of 1996.

Jacquelyn D. Austin
United States Magistrate Judge

June 11, 2012
Greenville, South Carolina

*The petitioner's attention is directed to the important NOTICE on the next page*.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Room 239
300 East Washington St.
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).