UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Merlin LKent Williams,  )   | |
| ) | C/A No.: 8:12-cv-01270-GRA-JDA |
| Petitioner,  )   | |
| ) | |
| v.  ) | |
| ) | |
| Major Steven Pruitt,  ) | **ORDER** |
| ) | |
| Respondent.  ) | |
| _____  ) | |

This matter comes before the Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on June 11, 2012. Petitioner commenced this action on May 16, 2012, pursuant to 28 U.S.C. § 2241. Under established local procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. Magistrate Judge Austin recommends that this Court dismiss Petitioner's petition without prejudice. This Court adopts the magistrate's recommendation in its entirety.

Petitioner is a state pre-trial detainee who has been charged with distribution of crack cocaine and is awaiting trial in the Oconee County Court of General Sessions. Petitioner alleges that he has not been provided counsel and also has not been given a preliminary hearing. According to his petition, he submitted a written request for a preliminary hearing and a *pro se* "motion to dismiss affidavit" the same

day he was given a $10,000 surety bond on April 18, 2012. He claims the Oconee County Clerk of Court filed it on April 24, 2012, and that it is still pending. Petitioner alleges that his failure to receive a preliminary hearing is a denial of due process, and asks that the charges against him be dropped. The magistrate now recommends dismissing the petition without prejudice and without issuance and service of process based on the principle that federal courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances and that Petitioner has not exhausted his available state-remedies.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* The Petitioner filed no objections to the Report and

Recommendation, and the time for filing such objections has lapsed. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's petition is DISMISSED without prejudice and without issuance and service of process upon the respondent.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

July 11, 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.